MARY L. BARTLEY et al. Plaintiffs in Error, vs. THE PLEAS-
URE DRIVEWAY AND PARK DISTRICT OF PEORIA, De-
fendant in Error.

*Opinion filed February 20, 1913.*

1. PARTIES—*when city is not a necessary party to suit against
park district.* Where a strip of land for an entrance to a park is
conveyed in fee to a park district before the surrounding land is
platted and the park district expressly excepts such strip from the
dedication when the plat of the surrounding land is made, the city
in which the platted land lies and to which the other streets shown
on the plat are dedicated is not a necessary party to a suit by own-
ers of property to compel the park district to care for and main-
tain the strip of land owned by it.

2. SPECIFIC PERFORMANCE—*equity may, in a proper case, com-
pel performance of agreement for benefit of third persons.* A court
of equity has power to compel specific performance of an agree-
ment at the suit of third persons where the agreement is made for
their benefit, provided it is such an agreement as the court would
enforce between the parties to it; and such relief is not precluded
by the fact that the agreement reserves the right of one party to
declare a forfeiture of the estate conveyed for breach of a condi-
tion subsequent.

3. SAME—*when complainants are asking for something beyond
the agreement.* Where a park district accepts a deed to a strip of
land upon condition that it shall keep the strip open as a street as
a means of access to land abutting upon the strip and that the abut-
ting land shall never be specially assessed or taxed for improving
such strip, the owners of abutting lands have no standing to com-
pel the park district to care for and maintain the strip in such con-
dition that it will be ornamental and attractive as a driveway.

4. PARKS—*duty to maintain park property is not a duty owing
to property outside of the district.* The duty of a park district to
maintain the park property in proper condition is not a duty owing
to the public at large nor to the owners of property outside of the
park district, and a court of equity will not compel tax-payers in a
park district to pay for improvements for the benefit of the own-
ers of property outside the district.

WRIT OF ERROR to the Appellate Court for the Second
District;—heard in that court on appeal from the Circuit
Court of Peoria county; the Hon. N. E. WORTHINGTON,
Judge, presiding.

CHESTER F. BARNETT, and JOSEPH L. BARTLEY, for plaintiffs in error.

W. T. WHITING, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Peoria county sustained the demurrer of defendant in error to the bill filed against it by plaintiffs in error to compel it to take care of and maintain Columbia Terrace, with its grass plots, trees, shrubbery and plants, a monument of Christopher Columbus located thereon, and the cement sidewalks and asphalt pavement, as a pleasure driveway and entrance to defendant's park, and dismissed the bill for want of equity. The Appellate Court for the Second District affirmed the decree, and a writ of *certiorari* was allowed to permit a review of the judgment of the Appellate Court.

The facts alleged in the bill, which were to be taken as true in the consideration of the demurrer, were as follows: On February 23, 1895, and August 6, 1896, Lydia Bradley conveyed lots lying north and west of what was afterward known as The Uplands addition to Peoria to the defendant, to be improved and maintained for a free public park, called Laura Bradley Park. The defendant accepted the deeds and improved the premises as a public park in accordance with the gift. On the same day that the first deed was made Lydia Bradley also conveyed to the defendant a strip of land 100 feet wide and 1084.80 feet long, extending from the entrance to the park to the city, to be used as a park driveway and entrance to the park, subject to the right of use by the owners of the adjoining lands for access to said lands the same as though it were a public street, and the defendant was never to levy or collect, or attempt to levy or collect, any special taxes or assess-

ments upon the abutting or contiguous property for sustaining, ornamenting or improving the driveway, and in the event of a breach of any of said conditions the title was to revert to the grantor, her heirs or personal representatives. The defendant entered into possession of the strip and improved it, and it is and has been known as Columbia Terrace. On or about May 17, 1899, Lydia Bradley conveyed the lands through which Columbia Terrace ran, and which are now known as The Uplands, to the Bradley Polytechnic Institute. On or about August 8, 1902, the defendant entered into an agreement with the Briggs Real Estate Company, under which Columbia Terrace was improved by placing cement sidewalks on both sides; laying out grass plots between the sidewalks and curb lines and planting trees thereon; laying out grass plots in the center, surrounded by cement curbing; erecting upon it a monument with a bronze statue of Christopher Columbus, with a receptacle at the base for flowers and plants, and paving the roadways on each side of the grass plots with asphalt. On November 11, 1902, Lydia Bradley, the institute and the Briggs Real Estate Company joined in a plat of The Uplands, which was filed for record on that day. The plat showed Columbia Terrace, and the defendant made on the plat a separate dedication of the streets and alleys shown thereon, "excepting and reserving, however, complete ownership and control of Columbia Terrace as designated thereon," which was the land owned in fee by the defendant. On November 25, 1902, the institute, the real estate company and Lydia Bradley conveyed to the Title and Trust Company, a corporation of Peoria, the lands comprising The Uplands, "with the exception of Columbia Terrace, owned and controlled by Pleasure Driveway and Park District of Peoria," in trust, for the purpose of making sales of lots in The Uplands. The complainants purchased lots in The Uplands abutting on Columbia Terrace on the strength of the agreement between Lydia

Bradley and the defendant and paid large sums of money in consequence of it. On March 18, 1902, Lydia Bradley and the institute made a conveyance of Columbia Terrace to the defendant for the purpose of making the description certain, subject to the conditions and obligations of the former deed. Defendant controlled and maintained the terrace, cared for the trees, shrubbery and plants, trimmed the grass, patrolled the terrace by park policemen and excluded traffic wagons, from the fall of 1902 to the fall of 1906. On October 3, 1906, the defendant passed a resolution as follows: "That this board relinquish any claim they may have upon Columbia Terrace and let the same revert back to Mrs. Bradley." After passing the resolution the defendant discontinued the care of the terrace; the grass plots, shrubbery and plants were neglected; the trees were not trimmed; weeds were allowed to grow about the base of the statue of Columbus; traffic wagons were permitted on the driveway; the cement sidewalks and asphalt pavement were cracked in many places, and the trees were growing tall and began to break, casting volumes of leaves on the grass plots and driveway. The abutting property owners were compelled to take care of the driveway to keep it in a presentable appearance. Many of the abutting owners were informed by the defendant that if the owners would release their right to be exempt from special taxes and assessments for maintaining the terrace the defendant would again assume control.

One ground of the demurrer was that a necessary party was omitted. The party omitted which was alleged to be necessary to the decision of the case was the city of Peoria, and it is argued that the laying out of The Uplands as an addition to the city operated as a dedication of Columbia Terrace and vested the fee in the city; that the reservation of the terrace by the owner was void because inconsistent with the dedication, and that the defendant could only regain control of the terrace by the city turning it over to

the defendant by an ordinance under the statute. Columbia Terrace was owned in fee simple by the defendant and the other owners could not dedicate it as a street. The defendant expressly excepted Columbia Terrace in its dedication and reserved the absolute ownership and control of the same, so that there was no dedication of the street with an inconsistent condition attached to it. The defendant could not dedicate to the public its land as a street and attach an inconsistent condition, but that was not done. The statute does not give to a plat the effect of a grant as to that which is not dedicated, and the city of Peoria was not a necessary party.

The bill sought to compel the specific performance, for the benefit of the complainants, of the contract between Lydia Bradley and the defendant by keeping Columbia Terrace in such condition as to make it attractive as a driveway. It may be conceded that a court of equity has power to compel the specific performance of an agreement made between two for the benefit of third persons at the suit of such third persons, provided it is such an agreement as the court would enforce between the parties to it, and also that the reservation of the right to declare the estate conveyed forfeited for breach of a condition subsequent would not preclude such relief. Assuming that to be so, the complainants were asking for something beyond the agreement. The right secured to the owners of lands adjoining Columbia Terrace was, that it should be "subject to the right of use by the owners of the adjoining lands as a public street for access to the lands fronting on said park driveway in all respects the same as though the said strip of land were a public street," and it was provided that the defendant should "never levy or collect, or attempt to levy or collect, any special taxes or special assessments upon the local or abutting contiguous property for sustaining, ornamenting or improving said park driveway." Neither of these conditions has been violated. There is no averment that the

right of ingress or egress has been interfered with in any manner, or that the terrace is not open and subject to the use of the owners of the lots the same as though it were a public street. The complaint is that the driveway is not maintained as the complainants wish it to be, by trimming the trees, cutting the grass and keeping it in such condition as to make it ornamental and attractive as a pleasure driveway. There is an averment that the sidewalks and asphalt pavement were cracked in places, but the defendant certainly has much discretion as to the method and extent of the improvement in view of other expenses and demands with reference to the park property. There is no averment that the defendant has means which could properly be appropriated to making the driveway better, but it is said that it has a power of taxation of the property in the park district for that purpose. If that is so, the duty to maintain the park property in proper condition is not a duty owing to the public at large nor to the owners of property outside of the park district, and a court of equity would not compel tax-payers of the park district to pay for the benefit of owners of property outside,—at least in the absence of legal and enforceable right to have the improvement made. If the complainants paid higher prices for their lots in view of the fact that the terrace would be kept in a manner to make it attractive and to make their property more valuable, defendant derived no benefit from the increased price. Aside from all other questions, the complainants could only ask that the defendant should not divert the property to some other use than a driveway, and that the terms of the contract should be fulfilled as made and they should have access to the driveway, and the use of the same, as if it were a public street.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*